THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DOLORES BENDER, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, First Department, February 6, 1952.

*Arnold E. Wallach* and *Harry Chiert* for appellant.

*Frank S. Hogan, District Attorney* (*Richard G. Denzer* and *Paul A. Stone* of counsel), for respondent.

OLIVER, J.   The judgment in this case is reversed and a new trial ordered.

The defendant, a woman dressed in the garb similar to that worn by members of a religious order, was in the subway station at Grand Central holding out a plate to passersby.   About five people dropped coins in the plate.   She was convicted on April 6, 1951, under section 1990-a of the Penal Law for soliciting alms.

The section reads: "Any person who, on any train, platform, stairway, station or any other appurtenance of a subway or elevated railway, *unless duly* authorized:   *   *   *   (d) solicits alms; is guilty of an offense."   (Emphasis supplied.)

The penalty is a fine of $10 or thirty days in jail or both.   This is her third conviction.

The defendant was sentenced to thirty days in jail but the learned Magistrate stayed the execution of the sentence in these words: " Thirty days, execution thereof stayed pending appeal.   She has to do this time if I am affirmed.   It's a straight thirty day sentence."

The effect of the Magistrate's action was to grant a certificate of reasonable doubt, which power is reserved by law to the Court of Special Sessions.   (N. Y. City Crim. Cts. Act, § 31, subd. 7.)

The case was tried by the corporation counsel's assistant who stated: "The defendant had no authority from the Board of Transportation and is now in violation of law, and the defendant has been proven guilty as charged."

On this appeal the prosecution is represented by the District Attorney.   He abandons the theory of the assistant corporation counsel who tried the case, and contends that the defendant received no authority from the commissioner of welfare to solicit alms, under section 603–11.0 of the Administrative Code of the City of New York.

The law seems to give the authority to the board of transportation rather than to the commissioner of welfare.   The specific

State law governs in preference to a general city code. The board of transportation is given power by the act that creates it to adopt regulations governing the roads it controls. It would clear the legal doubt if the board adopted regulations and published them stating who has its " authority " to beg or barring all from such practice.

In the trial the arresting officer testified that at the time of arrest the defendant showed him a paper, which he returned to her, purporting to prove that she represented the " New Day Church of God of Bergen Street, Brooklyn." The paper was not produced in court. Counsel for the defendant explained that his client left it home. However, it was conceded by the prosecution that there was such a document. The concession is not satisfactory for the purpose of this appeal because it does not show in what capacity the defendant represented this church. Under the District Attorney's appeal concessions are made that the defendant could have solicited without violating the law in parks or public places but not in the subway. This concession is made under the power granted by the terms of the Administrative Code to any corporation organized under the Religious Corporations Law. But the record is barren of proof that the church involved was so organized.

It was strongly stated at the time of sentence by the assistant corporation counsel, that the defendant was engaged in a " racket " in collusion with a person he named, to impose on the public in the name of religion. That statement should have been supported by a full probation report showing the social background and activity of the defendant. No doubt the religious authorities of the church she claims to represent will be most helpful in this matter.

On appeal, counsel for the defendant argued that this is a test case. He claimed that the religious practices of the defendant were destroyed by the arbitrary actions of the authorities. (*Cantwell* v. *Connecticut*, 310 U. S. 296.)

The record is unsatisfactory for a test of this importance. The case should be retried and is sent back for that purpose to the Magistrate's Court.

The appellant is granted a new trial to be had before a City Magistrate at the Lower Manhattan District City Magistrate's Court, Borough of Manhattan, City of New York, on Wednesday, February 20, 1952.

MORRISSEY and BYRNE, JJ., concur.